### RIESINGER v JONES

Ohio Appeals, 2nd Dist, Montgomery Co

No 1129.   Decided Feb 4, 1933

Irvin Delscamp, Dayton, for plaintiff.
Clyde Miller, Dayton, for defendant.

ALLREAD, PJ.

This case is here on appeal. The action was brought by the plaintiff to declare a partnership and to ask for an accounting of the profits thereof. It is clear that the declaration of a partnership is the basis of the accounting. This alleged partnership is based upon the purchase of a certain lot of lumber at sheriff's sale. Jones bid the lumber off at sheriff's sale and paid the amount of money necessary to secure the lumber and the lumber was thereby sold to Jones. He is therefore the prima facie owner by virtue of the sheriff's sale. Riesinger claims that there was an agreement between him and Jones whereby he Riesinger was to pay Jones one-half of the cost of the lumber and to be recognized as a partner. Jones agrees that there was talk about forming a partnership but claims that Riesinger was to appear at the sheriff's office at the time stipulated for the payment of the money and to negotiate as to the partnership. This Jones claims Riesinger failed to do. Riesinger says he came on August 30 to perform his share of the contract and that he paid Jones the sum of $2500 and agreed to pay $250 more as his share of the purchase price. Jones in his testimony admits that Riesinger paid him $2500 on or about August 30 but that the amount was accepted and received upon lumber which Riesinger and Jones agreed should be sold by Jones to Riesinger and delivered to him. It was therefore a question of evidence as to which is entitled to prevail. It clearly appears that Jones took charge of the yard in which the lumber was deposited and retained charge until the lumber was finally disposed of. Riesinger was frequently at the yard until he received the portion which Jones claimed he sold to him. After that time Riesinger did not appear at the lumber yard frequently or at all so far as the evidence of Jones shows. The testimony of both Mr. and Mrs. Jones is that the Jones's had exclusive control of the yard and sent bills to Riesinger for lumber and that Riesinger returned no answers. A number of witnesses are brought in who were about the lumber yard and who testified to declarations of Jones to the effect that Jones admitted at different times the partnership in the lumber business. Jones produced a number of witnesses who were constantly about the yard and who testified that the Jones's were in exclusive control and that Riesinger after he removed his lumber was not around the yard. The question arises as to the burden of proof. Does the law require in a case of this kind proof by clear and convincing evidence or does it require merely a preponderance? We have examined the cases in Ohio on this subject and we reach the conclusion that the case is not one which requires clear and convincing evidence, but may be decided upon a preponderance. The case is somewhat in doubt, but we reach the same conclusion as the court below reached that the evidence is not sufficient to hold Jones to a contract of partnership and there being no partnership there can be no accounting as to the profits, if any, from the partnership.

The petition is therefore dismissed.

HORNBECK and KUNKLE, JJ, concur.